# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: October 4, 2024

```
* * * * * * * * * * * * *
MOSEL PEARLMAN-RAMIREZ,         *       No. 22-640V
                                *       Special Master Sanders
             Petitioner,        *
                                *
v.                              *
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
             Respondent.        *
* * * * * * * * * * * * *
```

*Elizabeth Kyla Abramson*, Maglio Christopher & Toale, P.A., Washington, DC, for Petitioner;
*Voris Edward Johnson*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 9, 2022, Mosel Pearlman-Ramirez ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2018). Pet. at 1 (ECF No. 1). Petitioner alleged that the tetanus diphtheria acellular pertussis ("Tdap") vaccine he received on April 19, 2021, caused him to develop Guillain-Barré Syndrome ("GBS"). *Id*. at 3. Petitioner further alleged that he experienced the residual effects of his injury for more than six months. *Id.* at 10. On May 5, 2023, the parties filed a stipulation, which I adopted as my decision awarding compensation on May 8, 2023. (ECF No. 23).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On September 26, 2023, Petitioner filed a motion for attorneys' fees and costs. ("Fees App.") (ECF No. 32). Petitioner requests total attorneys' fees and costs in the amount of $24,494.58, representing $23,897.00 in attorneys' fees and $597.58 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner has indicated that he has not personally incurred any costs in pursuit of her claim. Ex. 8 at 1. Respondent responded to the motion on October 2, 2022, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 33). Petitioner filed a reply on May 17, 2022, reiterating his belief that the requested amount of fees and costs is reasonable. (ECF No. 34).

This matter is now ripe for consideration.

I.      **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

###### a. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at \*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests the following rates of compensation for their attorneys at mctlaw: for Ms. Elizabeth Abramson: $250.00 per hour for work performed in 2022, and $295.00 per hour for work performed in 2023; for Mr. Altom Maglio: $445.00 per hour for work performed in 2021, and $520.00 per hour for work performed in 2022; for Ms. Danielle Strait: $415.00 per hour for work performed in 2022; for Ms. Diana Stadelnikas $470.00 per hour for work performed in 2021; and, for Ms. Jessi Huff, $425.00 per hour for work performed in 2023. Ex. 6 at 13. The rates requested are consistent with what counsel previously been awarded for her Vaccine Program work, and the undersigned finds them to be reasonable herein. I also award the requested paralegal time at the provided rates.[4]

###### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $23,897.00.

###### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $597.58 in attorneys' costs, comprised of DocuSign fees, acquiring medical records, postage, and the Court's filing fee. Ex. 7 at 1. Petitioner has provided adequate documentation of

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] The rates for the 7 paralegals who worked on this matter are also consistent with what has been previously awarded and in accordance with the Office of Special Masters' fee schedule. Amy Semanie charged $155.00 in 2021, and $160.00 in 2022. Chelsea Harris charged $170.00 in 2022, and $180.00 in 2023. Elyssa Estrella charged $165.00 in 2021. Jacob Hess charged $165.00 in 2021, and $170.00 in 2022. Lindsay Wilkinson charged $160.00 in 2022. Madison Alexander charged $165.00 in 2021. Ex. 6 at 13.

all these expenses, and they appear reasonable in the undersigned's experience. Accordingly, Petitioner is awarded the full amount of costs sought.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $23,897.00 |
|---|---|
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$23,897.00** |
| | |
| Attorneys' Costs Requested | $597.58 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$597.58** |
| | |
| **Total Attorneys' Fees and Costs** | **$24,494.58** |

**Accordingly, the undersigned awards a lump sum in the amount of $24,494.58 representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's attorneys, mctlaw, and requests the check be forwarded to mctlaw, 1515 Ringling Blvd., Suite 700, Sarasota, Florida 34236.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.